UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLES HENRY TAYLOR JR #129096     CIVIL ACTION NO. 21-cv-215 SEC P

VERSUS                              JUDGE TERRY A. DOUGHTY

JULIAN WHITTINGTON ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Charles Henry Taylor, Jr. ("Plaintiff"), who is self-represented, filed this civil rights action against Bossier Parish Sheriff Julian Whittington, the Bossier Parish Police Jury, and four individual defendants based on allegations that the defendants did not provide a safe environment during the Coronavirus crisis while Plaintiff was housed in one of their jails. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed for failure to keep the court informed of a current address.

Plaintiff alleged in his complaint, filed in January 2021, that his cellmate had tested positive for Covid-19 and that Plaintiff had a hacking cough and sore throat. The court ordered the marshal to make service, and the defendants filed answers. On May 6, 2021, the court issued two orders. One was a scheduling order. The other addressed Plaintiff's failure to submit service papers for one of the defendants. The clerk of court mailed copies of both orders to Plaintiff at the address he provided, at the Bossier Parish Maximum Security Center, but both items were returned on May 17, 2021 stamped, "Return to sender, not in our jail." Each item also had "Released" handwritten on the envelope. Docs. 13 & 14.

When the court ordered that the defendants be served, the order included a command that: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address." The parties were warned that: "Failure to do so shall be considered grounds for dismissal or other appropriate sanctions." (Doc. 4) The order is consistent with the command of Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court in writing of any address change." See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

Two items mailed by the court to Plaintiff at the address he last provided have been returned with an indication that he is no longer at that address. It has now been more than 30 days since the mailed items were returned to the court. There has been no correspondence or submission from Plaintiff in the interim that provided a new address.

Where a litigant has been warned that dismissal may result from a failure to notify the district court of an address change, the failure to do so, beyond being in violation of a court order, "may be considered by the district court as ... cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007). The court has no idea of Plaintiff's current address, as he has failed to keep the court apprised of it as required by the court's order and local rule. Perhaps Plaintiff has lost interest in the case or has merely been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation. Dismissal without prejudice for failure to

prosecute is warranted. <u>Honore v. Christian</u>, 2005 WL 1330152, *3 (W.D. La. 2005); <u>St. Juniors v. Burgess</u>, 2016 WL 4368230 (E.D. La. 2016).

Accordingly;

It is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of June, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge